## WATSON v. BILLINGS.

1 INFANCY: *Infant married woman cannot relinquish dower.*
Marriage of an infant female gives her no power to contract; and her relinquishment of dower, while under lawful age, is voidable; and her institution of suit to avoid it, in a reasonable time after the death of her husband, is itself a disaffirmance of it.

2. ACKNOWLEDGMENT OF DEEDS: *Certificate of, When evidence.*
An officer's certificate of the grantor's acknowledgment of the execution of a deed is not evidence of the execution, unless the deed and certificate have been filed for record.

3. EVIDENCE: *Signature; When a mark is.*
The mark of one who cannot write, made since the adoption of the Civil Code, is not a signature or subscription, unless the person writing his name writes his own name as a witness to it.

APPEAL from *Jackson* Circuit Court in Chancery.
Hon. R. H. POWELL, Circuit Judge.

*U. M. Rose*, for appellant:

Every presumption is in favor of the regularity of official acts, and unless misconduct of the officer is plainly and conclusively proved, his acts will be upheld. *Wharton on Ev.*, sec. 1318. The unsupported evidence of appellee would not justify a decree cancelling the deed. Opinion, TREAT, J. *Morrison* v. *McKee et al, St. Louis Ct. Ct.;*

*Sawyer* v. *Hovey*, 3 *Allen*, 331; *Bispham's Equity*, sec. 470; *Northwest Mutual Life Ins. Co.* v. *Nelson*, *Albany Law Journal*, vol. 23, *p.* 336, *reported* 13 *Otto.*, 544.

The burden rests on the moving party to overcome the strong presumption arising from the terms of the written instrument. The acknowledgment of a deed can only be impeached for fraud, and the evidence must be clear and convincing. *Howland* v. *Blake*, 97 *U. S.*, 624; 15 *Otto.*, 544.

*Coody*, for appellee:

1. Appellee was under twenty-one years of age, and a minor (*Gantt's Dig.*, sec. 3034) and had seven years to avoid the deed. 21 *Ark.*, 592; 1 *B. Mon.*, 76; 2 *J. J. Marsh*, 359.

2. The certificate of acknowledgment, though *generally prima facie* evidence of the facts stated within the range of the officer's official duty, may be contested by the parties. *Wharton on Ev.*, sec. 1052; 7 *Bush.*, 156 and 222 : 4 *Johnson*, (*N. Y.*,) 161.

3. A signature by mark is no signature, unless attested by the party writing the name. *Gantt's Dig.*, sec. 5625.

4. The deed was never filed for record.

5. The decree should be affirmed, under the rule laid down in *Venable* v. *Brown*, *page* 567, 31 *Ark.*

EAKIN, J. This is a bill by appellee for dower in a certain tract, and a share of the rents. Appellant sets up a relinquishment, by complainant, in her husband's lifetime, and exhibits the deed. It bears date of March 6th, 1871; contains her relinquishment of dower; is signed by her with her mark, her husband joining; and appears, by the certificate of a justice of the peace, to have been next day duly acknowl-

edged in substantial compliance with law. It was never filed for record. She also claims improvements, in case dower should be allowed.

There was no reply to the cross-claim for improvements; and the cause was heard upon the pleadings, exhibits and depositions. The evidence is mostly directed to the validity or invalidity of the supposed relinquishment.

There was a decree for dower of half the lands for life, there being no children. Commissioners were appointed to assign it, and a master to take an account of rents upon one hand, and taxes paid and improvements made on the other. At this stage the defendant appealed.

1. INFAN-CY: Infant wife cannot relinquish dower. The proof shows that the complainant was married in 1868, and that she was then seventeen years of age. There is nothing to contradict this, save that the justice who took the acknowledgment deposes that when making it she told him she was over twenty-one years of age. If a minor, in any case, could estop himself, or herself, from disaffirmance by representations as to his or her age, to the person with whom the transaction was had, the doctrine would not apply to such declarations made to a third person, without proof that they were communicated to the party to be affected, and formed the inducement to the contract, or mislead him to enter freely upon it. There is in this case no proof of that. In 1871 females were not of full age under twenty-one years. By act of April 22nd, 1873, they were made of full age, for all purposes, at eighteen. Marriage gave them no capacity to contract or convey which they would not have had if sole; and we can, in this respect, see no difference between a conveyance and a relinquishment of dower. *Scrib. on Dower*, vol. *II*, p. 283. The instrument, if executed, was as to her, in the absence of fraud, voidable; she was not twenty-one years of age. She became discovert by the death of her husband in 1872, and this

action was begun in 1873. There is nothing from which an affirmance, during the intervening period, can be inferred ; and the beginning of the suit within a reasonable time is of itself a disaffirmance. *Scrib. on Dower*, (*supra.*)

Upon the question of fraud we have already touched. The justice, taking the certificate, testifies that when the acknowledgment was made he noticed the very youthful appearance of the woman and her husband, and questioned her as to her age. Whereupon she told him she was of full age. The complainant deposes under oath that she never made any acknowledgment, at all ; but, taking the testimony of the justice to be true, it would not amount to a fraudulent representation to the defendant. The justice was not his agent, and there is no proof that the declaration was made in order that it might be reported to him and induce him to make the purchase from her husband. Both parties were interested in the completion of the contract, and the apparent object of the declarations was not to induce the defendant's consent thereto, but to induce the justice to proceed in an act essential to its form.

It has been decided by this court that neither infants nor other persons under disability of alienation, can *acquire* rights by their own fraud or as the fruits of the fraud of others. *Lyttle et al* v. *the State, etc.*, 17 *Ark.*, at *p.* 640. It does not follow, however, that infants, even by their own false representions to those with whom they contract, can denude themselves of the protection thrown around them by the policy of the law, so as to be bound by their alienation of rights already acquired, or by contracts for the future. They cannot, by their own acts, acquire any ability to contract. (See *Robinson's Practice, Vol. III., p.* 219 ; *Kent's Commentaries, Vol. II., p.* 241—*mar.*,) and cases cited. It is well said by Mr. KENT that "infants would lose all protection, if they were bound by their contracts made by

35–38

improper artifices in the heedlessness of youth, before they had learned the value of character and the just obligation of moral duties." We are, therefore, of opinion that the complainant was not bound by her release of dower, even if the same had been made.

2. EVI-
DENCE:
When
acknowl-
edgment
of deed is.
We deem it proper, also, to allude to another element in this case. The deed containing the release was never filed for record. It has been decided by this court, at the present term, in the case of *Wilson and wife* v. *Spring, ante, p.* 181, that, in such case, the certificate of the officer taking the acknowledgment is not evidence of its execution. Although when properly before the court, according to the current of authorities, it is almost conclusive as to the facts therein contained, and can be attacked only on the ground of fraud or mistake, yet it can have no such effect until filed for record. The proof, as to the execution, is conflict- ing. She says positively that she did not execute the release and acknowledge it. The justice says as positively that she did. The onus was on the defendant to show the release. The probability of distinctness of recollection can never be in two witnesses exactly the same. It was an act which, if she had done it, she would not have been apt to forget. The justice, with regard to an act merely formal, usually done in the course of routine, and which is calcu- lated to make little impression on the mind of the officer, might, four years afterwards, when his testimony was given, really confuse in his memory persons and events. It appears, too, by his testimony, that there were others pres- ent, and no reason is given why they were not called to cor- roborate his statement. We cannot think the burden of proof well carried.

3. SAME:
Signa-
ture:when
a mark is.
The case presents still another question which is urged by counsel for appellee, and which we do not feel authorized to pretermit, although what is above said is sufficient to sup-

port the decree. The Civil Code, in laying down rules of construction, ( *Gantt's Digest, sec.* 5625 ) provides "that the word 'signature' or 'subscription' includes 'mark' when the person cannot write, his name being written near it and witnessed by a person who writes his own name as a witness." This was not necessary at common law to constitute a signature by mark. We can see obvious reason for the provision, however, in the thousands of uneducated persons, without any experience in business or habits of preserving property, who had recently been clothed with all the rights of citizenship. Whilst the acknowledgment by the grantor, before a proper officer, and the filing for record to make it evidence may, perhaps, be considered as an adoption of the written name as a signature, regardless of the mark, yet in the case of an instrument which had not been both acknowledged and filed, the mark should not be considered a signature without the name of the person writing the grantor's name being also subscribed.

We find no error in the decree.

Affirm it and remand the cause for further proceedings in its execution.