## DYAL v. NORTON.

No. 4163. Opinion Filed July 13, 1915.

(150 Pac. 703.)

1. **APPEAL AND ERROR—Discretionary Ruling—Challenges to Jurors.** Rulings of the trial court upon challenges to individual jurors for bias or prejudice will not be reversed unless it appears that the court has abused its discretion to such an extent as to work an injustice upon one of the parties, or that the action of the court thereon might have worked such injustice.

2. **DEEDS—Signing by Mark—Attestation—Sufficiency.** An officer's certificate of the grantor's acknowledgment of a deed filed for record is a sufficient compliance with a requirement of attestation by witnesses to the grantor's signature by mark.

3. **ACKNOWLEDGMENT—Certificate—Evidence.** The acknowledgment of a deed is prima facie evidence of its execution, and a

deed properly acknowledged may be given in evidence without further proof, although its execution is denied under oath.

4.  **SAME—Impeachment—Proof.**  The evidence to impeach a certificate of acknowledgment should be clear, cogent, and convincing, and such as produces a conviction amounting to a moral certainty that the certificate is false.

5.  **EVIDENCE—Recorded Instrument—Official Records.**  The records of a register of deeds, or certified copies thereof, may be received in evidence to prove an instrument authorized to be recorded when the original is not in the possession or under the control of the party desiring to use the same.

6.  **SAME—Best and Secondary.**  All that is necessary to authorize the admission in evidence of the records of the register of deeds as to any instrument authorized by law to be recorded is to produce enough evidence to satisfy the trial court of the fact that the original is not in the possession or under the control of the party offering the record.

7.  **TRIAL—Instructions.**  Where plaintiff brought an action of ejectment for certain lands and in her testimony denied under oath the execution of certain deeds to defendant, relied upon by him, it was not error to refuse an instruction to the effect that if said deeds were without consideration the plaintiff should recover.

8.  **DEEDS—Execution—Age of Grantor—Sufficiency of Evidence—Ejectment.**  Evidence examined, and **held** to reasonably support the verdict.

(Syllabus by the Court.)

*Error from District Court, Seminole County;*

*Tom D. McKeown, Judge.*

Action by Susie Dyal against Sam Norton.  Judgment for defendant, and plaintiff brings error.  Affirmed.

*J. A. Baker,* for plaintiff in error.

*Davis & Davis* and *Crump, Fowler & Skinner,* for defendant in error.

HARDY, J.    Plaintiff in error, plaintiff below, brought suit in ejectment against defendant in error to recover possession of certain lands in Seminole county, being the allotment of plaintiff as a Seminole freedman.  The answer was a general denial, and upon trial had on the 18th day of October, 1911, verdict was for defendant, and plaintiff brings error.

The first assignment is that the court erred in over-ruling challenge of plaintiff in error to the juror McGee. The juror was examined fully upon his *voir dire*, both by counsel for plaintiff and by the court, and, after being thus examined, the challenge was overruled.

The competency and qualifications of jurors in the trial of the case must be left largely to the discretion of the trial court, whose duty it is in the selection of a jury to see that jurors are obtained who are fair and impartial between the litigants and who will not be influenced or biased by previously formed opinions or actuated by motives other than a desire to render exact justice to both parties; and it would seem that the appellate court should not reverse the ruling of the trial judge in matters of this kind unless it appears that the court has abused its discretion to such an extent as to work an injustice to one of the parties, or that the action of the trial court might have worked such injustice. *Bradford v. Woods,* 2 Okla. 228, 37 Pac. 1061; *Oklahoma City v. Meyers,* 4 Okla. 686, 46 Pac. 552; *Border v. Carrabine,* 30 Okla. 740, 120 Pac. 1087. The juror in his examination stated, in answer to a question by counsel, that he was "little more prejudiced against negroes than white people," and, upon examination by the court, stated that he believed a negro was entitled to a fair and impartial trial, and they had a right to come into court and have their rights adjudicated the same as a white man; that if he were selected on the trial of the case he would accord them the same hearing that he would any other person; that he was not prejudiced against their rights; that he had no feeling one way or the other, was not biased against the plaintiff nor in favor of the defendant; and that he could and would give both parties a fair and impartial trial; and that he would weigh the testimony without any bias or prejudice, and was perfectly indifferent as to the result. After being thoroughly examined as indicated above, the court over-

ruled the challenge, and the question now presented is whether the court in so doing abused his discretion. We think not. From his examination of the juror, the court was evidently satisfied that the juror was unbiased and that he could and would accord the plaintiff a fair and impartial trial, and we cannot say that the court abused his discretion in overruling the challenge or that any injustice has resulted to the plaintiff by reason thereof.

At the trial defendant offered in evidence certified copies of two deeds (referred to as Defendant's Exhibits 1 and 2), and also offered in evidence two deeds (referred to as Defendant's Exhibits 3 and 4), all of which purport to have been deeds executed by plaintiff to defendant, conveying the lands in controversy. Objection was made to the introduction of these deeds because same were signed by mark, and because plaintiff in her testimony denied the execution of the same, and it is urged that this denial by plaintiff imposed the burden upon the defendant of bringing other and further proof of the execution of the instruments than the certificate of acknowledgment thereon, and that it was incumbent upon the defendant to produce the originals of Exhibits 1 and 2. The argument is based upon the proposition that the deeds were not properly executed as required by statute. Section 2945, Rev. Laws 1910, defines "signature" to be:

"Signature or subscription includes mark when the person cannot write, his name being written near it, and written by a person who writes his own name as a witness."

The deeds in question have a certificate of acknowledgment thereon certified by a notary public, in regular form, which certificate is attacked for the reason that plaintiff denies having executed said deeds or any of them. Section 1170, Rev. Laws 1910, provides:

"All instruments affecting real estate and executed and acknowledged in substantial compliance herewith, shall

be received in evidence in all courts without further proof of their execution; and in all cases where copies or other instruments might lawfully be used in evidence, copies of the same, duly certified from the records by the register of deeds may be received in evidence.    *    *    * "

By this statute, if the deeds in question were properly executed and acknowledged, they are admissible in evidence without further proof of their execution; subject, of course, to the right of the plaintiff to rebut same by other competent testimony. The question as to whether, when the grantor signs by mark and acknowledges the execution of an instrument before an officer authorized to take acknowledgments, it is necessary for the same to be attested as required by section 2945, *supra*, has already been determined by this court. In *Campbell v. Harsh*, 31 Okla. 436, 122 Pac. 127, the first paragraph of the syllabus is as follows:

"An officer's certificate of the grantor's acknowledgment of the execution of a deed filed for record is a sufficient compliance with a requirement of attestation by witnesses to the grantor's signature by mark."

See, also, *Hilsmeyer v. Blake*, 34 Okla. 477, 125 Pac. 1129. The case of *Sims et al. v. Hedges*, 32 Okla. 683, 123 Pac. 155, is to the same effect; the third paragraph of the syllabus being as follows:

"Under sections 2965 and 6492, Comp. Laws 1909, in order for one, who cannot write, to execute a written instrument by mark, the person who writes the name of the maker must also write his own name on the instrument as a witness to the signature, except in the case of a paper executed before a judicial officer; and when the name of the maker is written by one person, and a wholly different person writes his name as a witness, this does not constitute 'signature.' " (Followed in *Walker Bond & Co. v. Purifier et al.*, 32 Okla. 844, 124 Pac. 322.)

In view of the foregoing decisions by this court to the effect that an acknowledgment is a sufficient compliance

with the statute regarding signatures, we think that it cannot be successfully urged that the instruments complained of were not properly executed, if in fact the same were executed by the grantor before the officer taking the acknowledgment; for, by appearing before him and acknowledging the execution of the instrument, she adopted the signature thereon and the same was of as much binding force as if written by her in person.

This, then, presents the question of whether or not, the execution of the deeds having been denied, it was necessary to introduce the originals in evidence or to produce other testimony of their execution.

There were no pleadings calling in question the execution of the deeds, but in the plaintiff's testimony in support of the allegations of her petition she denied having signed the deeds, and it was upon this denial that the contention is based that other evidence of the execution thereof should be produced by defendant. Assuming that this is sufficient to put in issue the execution of the deeds, still the original instrument would be admissible in evidence when properly acknowledged, and, where the original was not in the possession or under the control of the party offering the testimony, certified copies of the records thereof in the register of deeds' office would be admissible with like effect. Section 1170, Rev. Laws 1910.

The case of *Wilkins v. Moore*, 20 Kan. 528, determines this question, under the statutes of Kansas, as follows:

"The acknowledgment of a deed is *prima facie* evidence of its execution, and a deed properly acknowledged may be given in evidence without further proof, although its execution is denied under oath in the answer."

The action of a notary public when taking the acknowledgment of a person to a deed, mortgage or other instrument, in this state, is ministerial and is in no wise judicial (*State National Bank v. Mee et al.*, 39 Okla. 775,

136 Pac. 758); and, under the rule in states holding to this theory, the certificate of acknowledgment is *prima facie* evidence of the facts stated therein, and in order to rebut the probative force of the certificate the proof should be clear and conclusive (3 Jones on Evidence, sec. 490).

In 1 R. C. L. 297, it is said:

"The decisions disclose a very decided tendency on the part of the courts to attach weight to the certificates of acknowledgment, and to view attempts to discredit them with suspicion and distrust. It frequently has been stated as a rule that, in order to impeach a certificate, the evidence must be clear, cogent, and convincing beyond reasonable controversy. Indeed, it has been said that it must be almost as strong as that required to correct a mistake in a deed. Thus it appears that the burden assumed by the assailant of the certificate is, if the language of the rule is to be understood in its literal sense, much greater than that usually cast upon a party by a presumption of fact. *   *   *"

In 1 C. J. 886, the rule is stated thus:

"It has been shown heretofore that one of the effects usually given by statute to a certificate of acknowledgment, regular on its face, is to entitle the instrument acknowledged to be received in evidence without other proof of its execution, and that the certificate itself is usually the only evidence that can be received to prove the fact of its acknowledgment. The question to which we now come, namely, the credit to be accorded the certificate as evidence of the fact recited therein, is the most difficult that arises in the law of acknowledgments, and to reconcile all of the numerous decisions in which it has been considered is a practical impossibility. It may be stated, however, as a universal doctrine to which all the courts give support, that a certificate is at least *prima facie* evidence of every necessary recital therein contained."

The same authority, on page 899, says:

"It is very generally held that the unsupported and uncorroborated testimony of the grantor is not sufficient to overcome a certificate regular on its face, especially where the certificate is supported by the testimony of the

officer who took the acknowledgment or by other competent evidence. There are, however, cases lending support to the view that the testimony of the grantor may suffice, if, in view of the circumstances and probabilities of the particular case, it produces a conviction amounting to a moral certainty that the certificate is false."

With reference to the admission of Exhibits 1 and 2, the evidence shows that at the time of the trial the defendant testified that he did not have possession of the originals of these two exhibits. Plaintiff did not see fit to cross-examine him upon this point, and the court was evidently satisfied that same were not in the possession or under the control of the defendant, and upon this view of the case, under section 1170, *supra*, and also under the provisions of section 5115, Rev. Laws 1910, certified copies thereof were admissible.

In *Stratton v. Hawks*, 43 Kan. 538, 23 Pac. 591, the Supreme Court of that state said:

"It is a mere matter of evidence, and all that is necessary to do is to produce enough to satisfy the trial court of the fact that the original is not in the possession or under the control of the party offering the record. The degree of evidence required must of necessity be governed by the particular circumstances surrounding each offer. In this case the proof offered was satisfactory to the trial court, and must be regarded as sufficient on review, under well-known and oft-repeated rules."

The case of *McLean v. Webster*, 45 Kan. 644, 26 Pac. 10, is to the same effect.

There was no error in the admission of the certified copies, Exhibits 1 and 2, nor in the admission of the original instruments designated as Exhibits 3 and 4, without further proof of their execution than the certificate of acknowledgment thereon. The certificate of acknowledgment, being regular, was sufficient to admit the instruments in evidence, and to raise a *prima facie* presumption of the truth of the facts stated in the certificate of

acknowledgment, which of course might be rebutted by proof that was sufficiently clear and convincing. There was thus presented a question of fact, which was submitted to the jury, and the findings of the jury were adverse to the contentions of plaintiff in error.

The third proposition presented in the brief of counsel is that the court failed to instruct the jury as follows:

"If you believe from the evidence in this case that the four deeds before you are without consideration, then the plaintiff should recover."

There was no error in refusing to give this instruction. Had the plaintiff admitted the execution of said deeds, but sought to avoid the same for want of consideration, in a proper pleading, this might properly have been in the case, but plaintiff brings an action in ejectment in which she must recover on the strength of her own title, and denies the execution of the deeds in evidence; and, having pitched her action upon this theory, she must be held to it. *A., T. & S. F. Ry. Co. v. Baker,* 21 Okla. 53, 95 Pac. 433, 16 L. R. A. (N. S.) 825; *C., R. I. & P. Ry. Co. v. Matukas, ante,* 147 Pac. 1038; 1 Sherman & Redfield, Negligence (5th Ed.) sec. 7.

The rule is stated thus in 4 Ency. Plead. & Prac. 691:

"A complaint must proceed upon a distinct and definite theory, and upon that theory the case must stand or fall."

And the proposition stated in the text is supported by a large number of authorities from different states in the Union.

The remaining question urged is that the verdict of the jury is without sufficient evidence to sustain it. Counsel claim under this proposition that there is not a word of evidence that plaintiff in error was over 18 years of age at the time any of the pretended deeds bear date. This contention is not borne out by the record. The testimony of Bob Davis, the uncle of plaintiff, who had reared

her from a child, is.to the effect that the mother of plaintiff had been dead for 22 or 23 years at the time of the trial, and that plaintiff was about two years old at the time she died. The records of the Commission to the Five Civilized Tribes were introduced in evidence, and these records show the plaintiff to have been eight years old at the time of her enrollment, in the year 1897, which would make her 18 years old in 1907. Exhibit 3 bears date of January 2, 1909, while Exhibit 4 is dated December 31, 1909; both of which are subsequent to the date she is shown to have been of age by the records of the commission.

There was sufficient evidence to justify the finding of the jury that the plaintiff was over 18 years of age at the time she executed the deeds in controversy, and it follows, therefore, that the judgment appealed from must be, and the same is hereby, affirmed.

All the Justices concur.