## YEKCHA v. TEXAS COMPANY et al.

No. 18964. Opinion Filed Feb. 26, 1929.

C. E. Baldwin, for plaintiff in error.

Pryor & Stokes, and Hugh M. Sandlin, for defendants in error.

LEACH, C. This action was commenced in the district court of Seminole county by Joseph Tiger Yekcha, as plaintiff, against the Texas Company, F. L. Aldridge, and the unknown heirs, devisees and assigns of Edmund Tiger, deceased, as defendants, wherein plaintiff filed his petition and alleged in substance that certain lands (120 A.) located in Seminole county, were selected, allotted, and duly patented to Edmund Tiger, Seminole Roll No. 1323; that the said allottee was, in 1895, married according to the custom and form of marriage of the Seminole Tribe of Indians to Lousa, Seminole Roll No. 1279, the mother of the plaintiff; that they lived and cohabited together as man and wife, and were so recognized until about———, 1897, when they separated and ceased to live together as man and wife; that at the

time of such separation the mother of plaintiff was pregnant with him, the plaintiff, by the said Edmund Tiger and plaintiff is the legitimate child of such named parties; that later Lousa Tiger was married according to tribal custom to Marche Yekcha, and was living with him, the latter husband, at the time she gave birth to plaintiff; that in his infancy, he, plaintiff, was erroneously enrolled under the name of Joseph Yekcha as the son of Marche Yekcha instead of Tiger; that Edmund Tiger died intestate in March, 1901, owning the lands described, and leaving plaintiff as his sole and only heir, by reason whereof he was the now sole owner of and entitled to the immediate possession of the land described, and prayed judgment accordingly and for $2,000 as rents and income therefrom.

The Texas Company filed answer generally denying the allegations of plaintiff's petition except such as were admitted, and alleged that the plaintiff was duly enrolled pursuant to the birth certificate of Lousa Yekcha as being the son of Marche Yekcha; further alleged that subsequent to the death of the allottee, Edmund Tiger, administration of the estate of such allottee was duly had in the county court of Seminole county, wherein it was determined that Polly Harjo was the sole heir of the allottee, and that distribution was made accordingly; further alleged and set forth its rights and interest in the land as lessee, and prayed that such interest be quieted as against the claims of the plaintiff.

The defendant Aldridge also filed an answer denying plaintiff's claim to the land; alleged that he, the answering defendant, was the owner and title holder of the land by proper conveyance from the heir of the deceased allottee, and that the plaintiff was the lawful child of Marche Yekcha.

Upon the issues so made, the cause was tried to the court, a jury being waived by the parties. The facts were found in favor of the defendants and judgment was entered in their favor and against the plaintiff, who brings this appeal and sets forth in his petition in error several grounds of error, but presents in his brief only two questions or propositions:

"First. The trial court erred in admitting incompetent, irrelevant and immaterial evidence.

"Second. The judgment is contrary to and not sustained by any evidence."

Under the first proposition the plaintiff complains of the action of the trial court in admitting in evidence a certified copy of birth affidavit filed August 21, 1900, and certified to by the officer having the custody of the records pertaining to the enrollment of the members of the Five Civilized Tribes, in re the application or enrollment of Joseph Yekcha, Seminole Roll No. 1284. It is contended by plaintiff that the affidavit was not properly executed or acknowledged in compliance with the statutes of Arkansas, which were then in force, because the affidavit is signed by mark and fails to show any witnesses thereon, and therefore is inadmissible. The instrument shows to have been subscribed and sworn to before a notary public by reason whereof the contention of the plaintiff cannot be sustained under the holdings of this court.

In the case of Campbell v. Harsh, 31 Okla. 436, 122 Pac. 127, it is said in the first paragraph of the syllabus:

"An officer's certificate of the grantor's acknowledgment of the execution of a deed filed for record is a sufficient compliance with a requirement of attestation by witnesses to the grantor's signature by mark"

—and in the body of the opinion in that case reference is made to the case of Watson v. Billings, 38 Ark. 278, 42 Am. Rep. 1, and quotation made therefrom as sustaining the rule announced in the syllabus quoted.

The case of Dyal v. Norton, 47 Okla. 794, 150 Pac. 703, also follows the rule announced in Campbell v. Harsh, supra.

"Upon the question of marriage or nonmarriage, it was not error to admit in evidence a certified copy of the application for enrollment of the alleged child of the marriage, including the affidavit of the mother filed with the Commission to the Five Civilized Tribes." Johnson et al. v. Perry et al., 54 Okla. 23, 153 Pac. 289; Perryman v. Sharp; Rees v. Perryman, 71 Okla. 242, 176 Pac. 625; Smith v. Lindsey, 91 Okla. 8, 215 Pac. 791.

It is contended that the affidavit does not purport to say that Marche Yekcha was the father of the plaintiff. The affidavit appears to be in the usual form of such affidavits and filed in the enrollment records; it does clearly recite the age of the affiant; that she is the lawful wife of Marche Yekcha; give the date of the birth of the child, and that the mother was alone at the time of such birth. The objection made and pointed out in the brief, other than the objection to the admissibility of the affidavit on the ground that the signature of the party thereto was not properly witnessed, go to the weight and value of the instrument rather than its ad-

missibility, and we presume the trial court gave to the instrument such weight as it was entitled to. ,

We see no error in the admission of the instrument, and, even were it excluded, we are of the opinion that there is testimony and evidence otherwise amply supporting the finding of the trial court.

Objection was also made to the introduction of a certain deed dated June 30, 1909, and reference is made thereto in the brief, it being pointed out that the mark or signature of the grantor, Polly Harjo, in that deed was not witnessed. The deed was acknowledged before a notary public, and was not inadmissible under the holdings of this court as herein set out. Furthermore, the deed was one in defendants' chain of title. Plaintiff could recover only through the strength of his own title, and not through the weakness of the title of defendants.

"In a statutory action in the nature of ejectment, plaintiff can recover only by showing either a legal or equitable title in himself and the right of possession." McCormick v. Stonebraker, 134 Okla. 34, 270 Pac. 1098.

Under the second proposition advanced, relating to the insufficiency of the evidence to sustain the judgment, we find nine witnesses testified in the case, all Seminole Indians. Their testimony was conflicting, some of them having testified that the mother of the plaintiff had not lived with Marche Yekcha prior to the birth of the plaintiff, while others testified that the mother had been living with him a year or more prior to such time. There was testimony that Edmund Tiger lived with the mother as husband and wife until about two weeks prior to the birth of the plaintiff; and that he, Tiger, made a statement indicating he was the father of the child, and that at one time he purchased a pair of shoes for the infant. Marche Yekcha testified that he was married to and lived with Lousa, the mother, for more than a year prior and subsequent to the birth of plaintiff, and that he was the father of the plaintiff. There were conflicting statements and testimony by the witnesses tending to establish the contentions and claims of the respective parties.

It is not necessary to here recite the testimony or the substance thereof of each witness, but we deem it sufficient to say that we find sufficient evidence in the record which amply and reasonably tends to support the finding and judgment of the trial court.

"Where questions of fact are submitted to the trial court in law actions, and there is any evidence reasonably tending to support its findings and judgment thereon, the same will not be disturbed on appeal." Johnson v. American Trust Co., 125 Okla. 172, 256 Pac. 925.

Following the above and well-established rule, the judgment of the trial court is affirmed.

BENNETT, JEFFREY, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Appeal and Error," 4 C. J. §2853, p. 879, n. 83. "Evidence," 22 C. J. §915. p. 806, n. 58.