## ELLIOTT v. KNAPPENBERGER et al.

No. 26681.    June 23, 1936.

M. L. Hankins, for plaintiff in error.

RILEY, J. It was sought in this action

by plaintiff in error to secure possession and to quiet title to certain land in Seminole county.

Plaintiff claims ownership in fee simple of the land here involved (120 acres, being the W. ½ of the S. E. ¼ and the S. E. ¼ of the S. E. ¼ of sec. 20. twp. 9 N., range 7 E. I. M.). The lands constituted a part of plaintiff's allotment (Seminole freedman—Betsy Winton—enrolled opposite No. 2168). Plaintiff avers that she never transferred or conveyed the title to said lands to any person; that she never signed any deed, mortgage, or other conveyance affecting the land, but that there are three deeds of record in the office of the county clerk of Seminole county ostensibly conveying interest in the lands, two of which purport to be signed and acknowledged by plaintiff, and the third deed is a quitclaim deed ostensibly signed by W. W. Harry, the former husband of plaintiff. It is alleged that the deeds bearing the name of plaintiff are forgeries.

The first deed referred to is a general warranty deed (excepting a mortgage for the sum of $950 in favor of R. T. Fullen). The grantee is defendant M. E. Templeton. The deed appears to be signed and acknow'edged by Betsey Harry (nee Winton) on February 21, 1916, and filed for record February 24, 1919.

The second deed referred to is a quitclaim deed to W. E. Grisso, dated November 14, 1919, purporting to have been signed and acknowledged by "Betsey Harry Winton," and "W. W. Harry," husband and wife, filed for record November 18, 1919. The other deed is a quitclaim deed to W. E. Templeton, dated April 30, 1919, signed and acknowledged by W. W. Harry, filed for record May 1, 1919. The latter deed is sought to be avoided under the allegation that W. W. Harry never had any interest in said land.

Cancellation of the instruments was sought.

In the second cause of action plaintiff alleged that defendant C. G. Gale is living on and occupying said land, and refuses to deliver possession to her; that said Gale is the tenant, servant, and employee of each and all the other defendants, through whom defendants withhold from plaintiff possession of the land. Thus possession of the land is sought.

All defendan's claim title through the deeds purporting to have been executed by plaintiff. They assert the genuineness of these instruments. Defendants Knappenberger and Templeton, by separate answer, allege ownership by virtue of open, adverse, quiet, peaceable, notorious, exclusive, and continuous possession from and after February 21, 1919, more than 15 years. They plead the 15-year statute of limitation (sec. 99, O. S. 1931) as a bar to plaintiff's recovery. Reply was by general denial.

The trial was had to a jury, but at the close of plaintiff's evidence, demurrers to the evidence adduced by plaintiff were sustained and a verdict directed for defendants. Judgment was entered upon the verdict and plaintiff appeals.

The principal contention is that the court erred in sustaining the demurrers to plaintiff's evidence.

Plaintiff was a witness in her own behalf and testified positively and unequivocally that she never gave or signed a deed affecting said land to any person; that she never knew or met any of the defendants except Dr. Grisso; that she never met or knew either of the notaries public before whom the deeds in question purport to have been acknowledged; that she never received any consideration whatever for either of said deeds, and had never signed or acknowledged the $950 mortgage to R. T. Fullen mentioned in the warranty deed of February 21, 1919. She was asked about and admitted that she executed a deed conveying 40 acres of the land allotted to her to Isaiah Winton, her father, but this 40 acres is not involved in this suit.

The deeds in question are in every way regular on their face, with the possible discrepancy in the spelling of the name in grantor's signature. Deeds contained in the record appear to have been signed "Betsey Harry," "Betsy Harry Winston," and "Betsey Harry Winston," and "Betsey Harry Winston"; whereas in the enro'lment record and patents to the land, plaintiff's name appears as "Betsy Winton." She testified that she always used the latter spelling.

The established rule of law is that evidence to impeach a certificate of acknowledgment must be clear, cogent, and convincing. It must establish the falsity to a moral certainty. Unless the testimony of grantor reaches this conclusive degree of certainty it must be corroborated. Fitzsimmons v. Trosper et al. 167 Okla. 489, 30 P. (2d) 693; Dyal v. Norton, 47 Okla. 794, 150 P. 703; Wolverine Oil Co. v. Parks et al., 79 Okla. 318, 193 P. 624; Probert v. Caswell, 90 Okla. 67, 215 P. 733.

The evidence adduced by plaintiff, when measured by this rule, fails.

There is no substantial corroboration of

plaintiff's testimony despite reliance upon certain circumstances. One such circumstance is the discrepancy in the signatures noted. In other respects the circumstances tend to corroborate the certificates of acknowledgment.

The record discloses two deeds appearing to have been regularly acknowledged before different notaries public, either of which, if genuine, would convey her interest in the land. Plaintiff testified that she was born and reared near Seminole; that her father was a colored preacher and well known in that vicinity. Both notaries certified that the person appearing as grantor was personally known to them to be the person who executed the respective deeds. It is at least as likely that plaintiff was mistaken or that she falsely swore as it is that both notaries were mistaken or falsely certified acknowledgments. The trial court observed the demeanor of the plaintiff when she testified.

It is unusual that plaintiff, owning a farm consisting of 120 acres of land, would move away from same and make no effort to rent same or collect any revenue therefrom for a period of nearly 15 years, and particularly so where her father was residing upon adjoining land.

There was no error in sustaining the demurrer to plaintiff's evidence and entering judgment for defendants. There was no occasion, however, for a directed verdict, and it may be and is treated as surplusage.

Plaintiff contends that there was error in rejecting evidence offered by her, and in admitting evidence over her objection. A careful examination of the record does not disclose any substantial error in either.

Judgment affirmed.

WELCH, PHELPS, CORN, and GIBSON, JJ., concur. OSBORN, V. C. J., concurs in conclusion. McNEILL, C. J., and BAYLESS and BUSBY, JJ., absent.