## GATEWOOD v. ROQUEMORE.

No. 30127. Oct. 7, 1941.

Rehearing Denied Nov. 18, 1941.

*118 P. 2d 1020.*

Charles A. Chandler, of Muskogee, and G. R. Horner, of Okmulgee, for plaintiff in error.

J. C. Evans, of Okmulgee, for defendant in error.

HURST, J. This is an action by M. M. Kennedy against D. Gatewood to quiet title to two lots in Kenler addition to the city of Okmulgee. Mattie M. Roquemore intervened in the action, claiming title as against both plaintiff and defendant. The trial court adjudged intervener the owner of the lots, and defendant appeals. Kennedy does not appeal.

Both defendant and intervener claim title from William Lavow, a former owner. Intervener claims by a quitclaim deed from William Lavow and Annie L. Lavow to A. D. Lavow, his son, dated April 1, 1930, and a quitclaim deed from A. D. Lavow to intervener dated March 5, 1932. Intervener also claims under a resale tax deed to one Sanders, dated May 18, 1939, and a quitclaim deed from Sanders to her, dated June 12, 1939. Defendant claims under a quitclaim deed from William Lavow to him, dated August 26, 1939. He asserted that the deed from William Lavow to A. D. Lavow was a forgery, and that he had redeemed the lots from the 1939 tax resale, as provided in section 14, art. 31, ch. 66, S. L. 1939, 68 O. S. A. § 432m.

Defendant makes two contentions: (1) That the trial court erred in holding that the quitclaim deed from William Lavow to A. D. Lavow was not a forgery; and (2) that the trial court erred in holding that the redemption certificate issued to defendant did not redeem the lots from the 1939 tax resale.

1. The defendant, in support of his first contention, produced as a witness William Lavow, who testified that he did not sign the deed, denied that the signature thereon was his, and stated that he did not know the notary public who signed the certificate of acknowl-

edgment. Defendant also produced another witness, who did not qualify as a handwriting expert, who testified that in his opinion the signature on the deed was not that of Lavow. He based his opinion largely upon a comparison of the signature on the disputed deed with that on defendant's deed, which Lavow admitted was genuine, but which was made some nine years later. Photostatic copies of the deeds appear in the record, and the signatures of Lavow shown thereon differ in some respects, the later deed being apparently written by a shaky or trembling hand. But in their general appearance and characteristics they are in some respects similar.

The certificate of acknowledgment to the disputed deed is in all respects regular. The rule is that evidence to impeach such certificate should be so clear, cogent, and convincing as to produce a conviction amounting to a moral certainty that the certificate is false. Dyal v. Norton, 47 Okla. 794, 150 P. 703; Fitzsimmons v. Trosper, 167 Okla. 489, 30 P. 2d 693. The uncorroborated testimony of the grantor is not sufficient, if the surrounding facts are as consistent with the truth of the certificate as they are with the denial of the grantor. Nickel v. Janda, 115 Okla. 207, 242 P. 264; Elliott v. Knappenberger, 177 Okla. 303, 58 P. 2d 1240. A careful examination of the record discloses no fact or circumstance which supports the testimony, of the grantor, or that overcomes the presumption of the correctness of the certificate of acknowledgment. The opinion of the lay witness that the signature was not that of William Lavow is of little assistance. The testimony of the grantor is vague and unsatisfactory. His memory seemed defective. Considered as a whole, the evidence falls far short of that standard of proof announced in the cases first above cited. We think the finding of the trial court that the signature of William Lavow was not forged is not clearly against the weight of the evidence.

2. The record shows that the deeds from William Lavow and Annie L. Lavow to A. D. Lavow, and from A. D. Lavow to intervener, were recorded March 23, 1935. The holding that these deeds were valid necessarily disposes of defendant's second contention. Under section 14, art. 31, ch. 66, S. L. 1939, the right of redemption is given to the last record owner, or any person having a legal or equitable interest in the property sold. Obviously defendant had no right to redeem, as he was not the last record owner, and had no interest in the lots. The county treasurer, by issuing a certificate to him, could not nullify a valid resale deed. And the unverified reply of intervener to defendant's answer did not, as defendant argues, admit the validity thereof. St. Louis S. F. Ry. Co. v. Driggers, 65 Okla. 297, 166 P. 703, is not in point. There would be some basis for the application of the rule therein announced if the certificate had been executed by intervener.

Affirmed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. GIBSON, J., dissents. WELCH, C. J., absent.