SHINLEY *v.* RICKS, EXCX.

5-2600                                    354 S. W. 2d 547

Opinion delivered March 5, 1962.

*Van Chapman,* for appellant.

*J. B. Reed,* for appellee.

ED. F. McFADDIN, Associate Justice.   This appeal involves a claim by a minor against the estate of his

guardian. Roy E. Shinley was born[1] on August 14, 1940. In 1946, he became the adopted and only child of A. R. Shinley and Mrs. Mary Lou Shinley, who then lived in the State of Colorado. A. R. Shinley died intestate in Colorado in 1951, and a guardian for the estate of said minor was appointed in Colorado. Mrs. Mary Lou Shinley and the minor son moved to Searcy, Arkansas; in 1952 Mrs. Shinley was appointed by the White County Probate Court as guardian of the estate of her minor son, Roy Shinley; and as such guardian she received from the Colorado guardian the sum of $7,136.04 in cash for her ward. Mrs. Shinley made a bond with personal sureties, who were cited to appear in the present proceedings in the Probate Court. After Mrs. Shinley was appointed guardian by the White Probate Court and received the said amount in 1952, she never filed any petition, report, accounting, or other paper at any time in the White Probate Court as said guardian. Some time prior to June 27, 1960, Mrs. Shinley departed this life testate,[2] and Mollie Ricks was appointed executrix of Mrs. Shinley's estate.

On June 27, 1960, Wilma J. Shinley, as wife and next friend of the minor, Roy Shinley, filed a petition in the White Probate Court suggesting the death of the former guardian, praying that a guardian in succession be appointed for the Estate of Roy E. Shinley: that an accounting be made and judgment rendered against Mollie Ricks, as Executrix of the Estate of Mrs. Mary Lou Shinley, for the amount owed the minor ward. Later, the sureties on the guardian's bond were brought into the litigation. A guardian in succession was appointed, answers and other defensive pleadings were filed, and in due time, the White Probate Court heard the evidence and rendered a judgment on June 20, 1961, for the estate of the minor and against Mollie Ricks, Executrix of the Estate of Mary Lou Shinley, for the sum of $1,788.06.

[1] He was a minor on June 20, 1961, when the case was tried and judgment rendered from whence comes this appeal.

[2] She had remarried and had become Mrs. Lytle, but we will continue to refer to her as Mrs. Shinley for convenient identification.

From that judgment the next friend of the minor (and now the former minor who is of age) prosecutes this appeal, claiming that a much larger amount is due than the award which was made. Three topics are presented by the appellants, which we combine and discuss in Topic II, *infra*.

I. *Motion To Dismiss.* As a preface to her brief filed in this Court on January 6, 1962, the appellee, Mollie Ricks, suggests that the appeal should be dismissed as moot; and she claims that on December 13, 1961, the Probate Court of White County entered an order closing the Estate of Mary Lou Shinley and discharging the Executrix. The motion to dismiss is not properly filed here, being only in the printed brief and not otherwise; but even if it had been properly filed, we would deny the motion for several reasons: (a) there might be some question of the personal liability of Mollie Ricks for closing an estate with this appeal pending; (b) the estate may be reopened in accordance with § 62-2912 Ark. Stats.; and (c) if the Estate of Mary Lou Shinley is liable to the appellant, then the sureties on her guardian's bond are liable to the appellant, and they were before the Probate Court. So there is a real need to settle the issues on this appeal.

II. *The Amount Due The Minor.* We come, then, to the real question on this appeal, which embraces all three of appellant's points. A careful review of the record convinces us that the Probate Court was extremely liberal in allowing the minor any amount of recovery; but, since there is no cross-appeal, we cannot reduce the amount awarded. The minor was the only witness in the case. After the death of Mrs. A. R. Shinley, Mrs. Shinley moved to Searcy where the minor attended Searcy Public School in 1952, and entered Harding Academy in 1953, from which he graduated in 1957. As can well be imagined, Mrs. Shinley was a most indulgent mother since this adopted boy was her only child. She purchased a car for the boy at a cost of $2,325.00. He wanted to become an aviator; so she paid for flying lessons for him. The boy determined he would marry, which was

against the wishes and better judgment of the mother, but she went with the minor and his fiancee to Mississippi and consented to the wedding, which occurred on November 14, 1957. Thereafter, the minor enlisted in the United States Air Force; and on December 14, 1957 (one month after he had married) the boy and his mother had what purported to be a final settlement of the mother's account as guardian. The minor wrote out a list of the expenses that his mother had paid for him from his estate during her entire period of guardianship. In the record before us it is a four-page typewritten instrument and concludes with these words: ''This Statement, prepared by me, Roy A. Shinley, is to certify that I received my legal share of the Estate of A. R. Shinley, my father, deceased.''

The mother must have concluded (though erroneously) that as a matter of law the marriage emancipated the minor in all respects[3] and that the signed receipt cleared her of all liability. But after Mrs. Shinley died, the son, using his wife as his next friend, filed this proceeding against his mother's estate, evidently because she left him only $5.00 in her will. Of course, the boy was a minor when he signed the receipt and cannot be bound by it; and, of course, the guardian should have complied with the law and obtained prior authorization to expend any portion of the corpus of the estate and should also have filed regular reports of expenditures, all as provided by the Probate Code. (See §§ 57-632 and 57-642 Ark. Stats.) However, in *Robinson* v. *Hammons,* 228 Ark. 329, 307 S. W. 2d 857, we decided, that even though under § 57-632 Ark. Stats., the guardian should have

---

[3] Under § 57-103 Ark. Stats., minority for a male continues until age 21 is attained. Under § 57-643 Ark. Stats., marriage terminates the guardianship of the person but not of the estate of the ward, except with respect to the ward's earnings for personal services. Mrs. Shinley was the guardian of the estate of the minor, Roy E. Shinley. For the benefit of these interested in the question as to the extent, if any, that marriage may emancipate a minor, attention is called to *Harrod* v. *Myers,* 21 Ark. 592, 76 Am. Dec. 409; *Watson* v. *Billings,* 38 Ark. 278, 42 Am. Rep. 1; *Pace* v. *Richardson,* 133 Ark. 422, 202 S. W. 852; *Miller* v. *U.S.,* 123 F. 2d 715. See also 31 C.J. 1008 "Infants" § 38; 43 C.J.S. 91 "Infants" § 29; 39 C.J.S. 63 "Guardian & Ward" § 43; and 27 Am. Jur. 748 "Infants" § 5.

obtained prior authorization from the Court before expending for the ward any portion of the corpus of the estate, nevertheless, if the guardian did expend on the ward the corpus of the estate without prior authorization, the Probate Court could approve the expenditures even after they had been made if the guardian could establish to the satisfaction of the Probate Court that such expenditures were reasonable and proper and were actually expended for the ward.

It was in keeping with this holding in *Robinson* v. *Hammons, supra,* that the Probate Court proceeded in the hearing in the case at bar. The Court considered all of the expenditures made by Mrs. Shinley from the time of her appointment until the time of her demise and determined which items were proper and reasonable for the minor, disregarding the receipt that the minor had signed. The Court considered reasonable charges for groceries, clothing, board, tuition, drug and doctor bills, band lessons, cash for personal expenditures—all of these and other items—and the conclusion was reached that the estate of Mrs. Shinley was still indebted to the then minor in the sum of $1,788.06.

It thus appears that the Probate Court gave the minor every penny to which he was entitled, and the judgment is affirmed.