ELLIS v. SCARBOROUGH et al.   (No. 1833.)*

(Court of Civil Appeals of Texas. El Paso. Jan. 21, 1926. Rehearing Denied Feb. 4, 1926.)

1. **Appeal and error** ☞164—Filing abstract of judgment for record in county clerk's office held not to preclude judgment creditor from prosecuting appeal.

Filing for record in county clerk's office abstract of judgment *held* not such an effort on part of judgment creditor to enforce judgment as to preclude him from prosecuting appeal.

2. **Vendor and purchaser** ☞265(3)—Merger of title to property subject to vendor's lien securing notes acquired by holder of notes, and such lien in purchaser precludes him from recovering upon personal obligation of persons assuming payment only to extent that land may be treated as primary fund.

Merger of title to property subject to vendor's lien securing notes acquired by holder of notes, and such lien in purchaser precludes him from recovering upon personal obligation of persons assuming payment of notes only to extent that they have right to have land treated as primary fund for liquidation of debt.

3. **Vendor and purchaser** ☞265(3)—Persons assuming to pay notes could not effectively complain, because holder who purchased property subject to vendor's lien securing notes failed to treat such land as primary fund for liquidation of debt.

Persons assuming to pay notes cannot effectively complain because holder who purchased property subject to vendor's lien securing notes failed to treat such land as primary fund for liquidation of debt, where he brought suit to recover upon notes and to foreclose lien, but court denied foreclosure.

4. **Vendor and purchaser** ☞267 — Holder of notes, intending that conveyance to him of land securing them shall be in satisfaction of notes, cannot recover upon them.

Holder of notes, accepting conveyance of land securing them, intending that conveyance shall be in satisfaction of notes, cannot recover upon them.

5. **Vendor and purchaser** ☞284 — In suit by holder of notes, who purchased property subject to vendor's lien securing notes, to recover upon notes, and to foreclose lien, submitting issue as to what was fair and reasonable value of property conveyed held improper.

In suit by holder of notes, who purchased property subject to vendor's lien securing them, to recover on notes and foreclose vendor's lien, submitting issue as to what was fair and reasonable market value of property conveyed *held* improper, since only issue was whether purchaser intended that conveyance should be intended as extinguishment of notes.

6. **Appeal and error** ☞931(4)—Where suit was brought to recover upon notes and to foreclose lien securing them, held that judgment could not be sustained upon theory that there was implied finding that plaintiff accepted conveyance intending it should extinguish notes.

Where suit was brought to recover upon notes and to foreclose vendor's lien securing them, *held* that decree denying foreclosure and allowing recovery in less amount than face value of notes could not be sustained, on theory that there was implied finding that plaintiff accepted conveyance intending that it should extinguish notes.

7. **Vendor and purchaser** ☞284—Evidence held not to raise issue as to whether holder of notes purchasing property securing them intended that conveyance should be in satisfaction of notes.

That holder of notes, who acquired property securing them, attempted to trade property to another, *held* not to raise issue as to whether he intended that conveyance should be in satisfaction and extinguishment of notes.

8. **Vendor and purchaser** ☞281(3)—Evidence held to show that conveyance of property secured by notes to holder was not intended to release personal obligations of persons assuming to pay notes.

Evidence *held* to show that conveyance of property securing notes to holder was not intended to merge lien and title in purchaser and

release personal obligations of persons assuming to pay notes.

Appeal from District Court, El. Paso County; P. R. Price, Judge.

Suit by W. Y. Ellis against M. Scarborough and others. From a judgment rendered, plaintiff appeals. Reversed and rendered.

Goggin, Hunter & Brown, of El Paso, for appellant.

Wallace & Cameron, Lyons & Oppenheimer, and Seymour Thurmond, all of El Paso, for appellees.

HIGGINS, J. Francis W. Aldridge conveyed to M. Scarborough a lot in the city of El Paso, reserving a vendor's lien to secure the payment of notes aggregating $5,500, given by the grantee in part payment for the land.

Scarborough conveyed to Frank W. Swanson reserving a vendor's lien to secure two notes executed by the grantee in part payment for the land—one being in the sum of $400, which was subsequently paid, the other being in the sum of $1,300. These notes were also secured by a deed of trust upon the land. Scarborough transferred the $1,300 note and lien to the appellant, Ellis, and guaranteed the payment of the note.

Swanson conveyed the land to Frank J. Lyons and Herbert D. Oppenheimer, who conveyed the same to W. J. Sampson, who in turn conveyed to Ella B. Robinson. In the conveyances to them, Lyons, Oppenheimer, Sampson, and Robinson assumed the payment of the notes aggregating $5,500 and the one for $1,300. Ella B. Robinson conveyed to B. St. George Bishop, who conveyed to Francis E. Lester, who conveyed to Russell A. Ramey. The conveyances to Bishop, Lester, and Ramey recited that they were made subject to the prior liens, but the payment thereof was not assumed. Ellis paid certain interest coupon notes aggregating $220, signed by Scarborough, which were attached to the notes given by Scarborough to Francis W. Aldridge, and such coupon notes were by the holder transferred to Ellis, together with the lien securing their payment; the lien so transferred being made subordinate to the lien retained by the holder of the $5,500 notes.

The $1,300 note was reduced by payment to about $800. On January 6, 1925, Ramey conveyed the land to Ellis, subject "to an indebtedness of $5,500, first lien, and $800, second lien, on said property."

This suit was brought on February 17, 1925, by Ellis against Scarborough, Swanson, Lyons, Oppenheimer, Sampson, Robinson, and Lester, to recover upon said coupon notes and the balance of $800 due upon the $1,300 note and for foreclosure of lien upon the land. The only issue submitted is as follows:

"What was the fair, reasonable market value of the property conveyed by Russell A. Ramey to W. Y. Ellis on the 6th day of January, 1925, the date of said conveyance?"

The jury answered $6,400. Exception was taken to the issue submitted, to the effect, in substance, that it was irrelevant, and that the only issue in the case was whether Ellis, in accepting the conveyance from Ramey intended to accept the same in satisfaction of his debt.

Judgment was rendered in favor of plaintiff against Scarborough, Swanson, Sampson, Lyons, and Oppenheimer, for $453.75, with interest from January 6, 1925, in favor of plaintiff against Ella B. Robinson, a nonresident, served with process beyond this state, foreclosing an attachment lien against certain other lands, and ordering same sold to satisfy plaintiff's demand for $453.75, with interest from January 6, 1925, denying the plaintiff foreclosure upon the lot, but vesting title thereto in him against all defendants.

Three days prior to the filing of his appeal bond, appellant filed for record in the county clerk's office an abstract of the judgment obtained by him against Scarborough, Swanson, Sampson, Lyons, and Oppenheimer. This action upon his part is made the basis of a motion by Scarborough to dismiss the appeal; it being asserted that it was such an effort on the part of appellant to enforce the judgment as to preclude him from prosecuting an appeal.

This precise question was presented to the Supreme Court of Iowa in the case of County of Tama v. Melcndy, 55 Iowa, 395, 7 N. W. 669, wherein the plaintiff had appealed from a judgment granting insufficient relief. The court said:

"The defendants filed, with the submission of the causes in this court, a motion to dismiss the appeals, upon the ground that the plaintiff has no right to prosecute the same, because, after the final decrees in the circuit court, the plaintiff caused transcripts to be made of said decrees, and filed them in the office of the clerk of the circuit court of Pocahontas county, thus making the judgment for the repayment of the taxes liens upon the land in controversy. The motion is not well taken. It is correct that a party cannot accept the benefits of an adjudication and afterwards appeal therefrom. Code, § 3212; Independent District of Altoona v. District Township of Delaware, 44 Iowa, 201. It does not appear, however, that the plaintiff has caused execution to be issued upon the judgments in its favor, nor that it has done any act to enforce the same. Counsel for the county, in argument upon the motion, assert that the only object in filing the transcripts was to make the judgments liens upon the land in controversy, it being situated in Pocahontas county, so that in case of an affirmance in this court the judgments may be collected. This is reasonable, in view of the fact that no effort at collection has been made, and we are clearly of the opinion that appellant has not forfeited its right to prosecute the appeals."

[1] We think the ruling of the Iowa court entirely correct and overrule the motion to dismiss.

[2-6] We think the proper disposition of the question of law in this case is clearly ruled by the opinion rendered by Chief Justice Gaines in Harris v. Masterson, 91 Tex. 171, 41 S. W. 482. Under the authority of that case and upon the present facts, it is wholly immaterial that the title held by Ramey and the lien held by the plaintiff united in the latter, and does not preclude plaintiff from recovery upon the personal obligations held by him, subject only to the right of the defendants to have the land treated as the primary fund for the liquidation of the debt, and sold to satisfy the same. The plaintiff sought to so subject it, and upon that score the defendants have no ground for complaint. It may be conceded that, if the plaintiff accepted the conveyance from Ramey, intending to accept the same in satisfaction and extinguishment of the notes which he held, then he had no right of recovery upon such notes. Whether he intended so to do is the only issue of fact in the case. The trial court denied a foreclosure, and decreed title in the plaintiff, and upon this feature of the decree the appellees assert that the judgment implies a finding by the court in their favor upon such issue. But the decree also gave the plaintiff a personal judgment against appellees for $457.75, with 8 per cent. interest (the same rate provided for in the notes) from January 6, 1925 (the date of the deed from Ramey to plaintiff), and this feature of the judgment plainly implies a finding in the plaintiff's favor upon the issue stated, for, if the debt was extinguished by the conveyance from Ramey to plaintiff, the personal judgment against the defendants was plainly improper. The findings implied by the judgment are contradictory, and the judgment cannot be sustained upon the theory that there is an implied finding by the court in appellees' favor upon the controlling issue of fact in the case. If such a finding could be implied, we would be constrained to hold that the evidence does not support the same.

In the first place, Ramey's deed states that the property was conveyed subject to the outstanding liens. It thus upon its fact negatives any prima facie presumption which might otherwise have obtained that the conveyance was intended to merge the second lien and title in Ellis, and thereby extinguish the debt. Furthermore Ellis testified that he had no intention whatever of releasing the personal obligation of the parties when he took the deed from Ramey. He testified:

"My intention or purpose in taking the deed from Mr. Ramey was because Mr. Ramey was about to leave town, and I thought if I took this deed while Mr. Ramey was out of town I might be able to trade the property off and thereby realize my indebtedness and avoid foreclosure. When I took the deed from Mr. Ramey I didn't surrender or cancel the note which I had, because I wanted to collect my indebtedness. When I took the deed from Mr. Ramey to myself, I did not intend to release or extinguish or cancel the indebtedness of Mr. Scarborough or any of the other defendants to me; the deed itself shows that I did not cancel the indebtedness. I did not take this deed from Mr. Ramey for any other purpose than to enable me, as I thought, to better or easier get this note, and for no other purpose than as better security therefor. I did not take it with the intention of releasing them."

Ramey testified in the case, and he does not testify to any agreement to that effect. The undisputed evidence also shows that plaintiff at all times was trying to collect the amount due him from the original promisor and those who had assumed its payment, and this suit was filed in little more than a month after the date of Ramey's deed.

[7, 8] It appears that Ellis attempted to trade the property to H. J. Collins after acquiring title from Ramey, and appellees assert this is conclusive against him upon the issue. We do not so regard it. We do not even regard it as raising any issue of fact in their favor, in view of Ellis' explanation that he was trying to make the trade simply in an effort to satisfy his debt. This he had a perfect right to do. If he had sold the land to Collins, he could not then have recovered upon the Scarborough obligations, because the land was primarily liable for the payment of the debt, and, by his conveyance to an innocent third person, he had made it impossible to subject the land to such payment. The foregoing is a brief statement of the state of the evidence upon the issue of the plaintiff's intention in obtaining the conveyance from Ramey, and in our opinion the peremptory instruction requested by the plaintiff should have been given. The assignment complaining of its refusal is sustained, as well as those which in other forms question the sufficiency of the evidence to support the judgment.

The case has been fully developed. The judgment will be reversed and here rendered.

Reversed and rendered.