### SCARBOROUGH et al. v. ELLIS.
### (No. 850–4573.)

(Commission of Appeals of Texas, Section A. Jan. 12, 1927.)

**1. Appeal and error ⚫━155—Plaintiff held not precluded from appealing from judgment by filing abstract thereof for record.**

Plaintiff's filing for record of abstract of judgment *held* not to preclude him from prosecuting appeal from adverse portion of judgment.

**2. Vendor and purchaser ⚫━284—Evidence held not to raise issue whether parties to conveyance intended merger of vendors' liens and title.**

Evidence *held* not to raise issue whether parties to conveyance of land, subject to vendors' liens held by grantee, intended to merge liens and title in grantee, contrary to prima facie showing of recital itself.

**3. Vendor and purchaser ⚫━265(3)—Vendors' liens held by purchaser of notes, secured by land conveyed to him, held subject to foreclosure, with right to recover unsatisfied balance from prior grantees.**

Vendors' liens held by purchaser of notes, secured by land conveyed to him, continued to subsist and were subject to foreclosure on land, with right remaining to recover any unsatisfied balance from prior grantees, taking subject to such liens, on their secondary personal liability.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by W. Y. Ellis against M. Scarborough and others. A judgment against plaintiff in part was reformed, and a judgment rendered for plaintiff by the Court of Civil Appeals (279 S. W. 857), and defendants bring error. Affirmed.

Wallace, Knollenberg & Cameron, of El Paso, for plaintiffs in error.

Goggin, Hunter & Brown, of El Paso, for defendant in error.

HARVEY, P. J. M. Scarborough, Frank J. Lyons, and Herbert D. Oppenheimer, as plaintiffs in error, prosecute a writ of error, in which W. Y. Ellis is defendant in error. Said writ was granted by the Supreme Court on questions discussed in the present opinion. In the opinion written by the Court of Civil Appeals, and which is reported in 279 S. W. 857, that court gives a statement of the case, which we adopt. Same is as follows:

"Frances W. Aldridge conveyed to M. Scarborough a lot in the city of El Paso, reserving a vendor's lien to secure the payment of notes aggregating $5,500, given by the grantee in part payment for the land.

"Scarborough conveyed to Frank W. Swanson reserving a vendor's lien to secure two notes executed by the grantee in part payment for the land—one being in the sum of $400, which was subsequently paid, the other being in the sum of $1,300. These notes were also secured by a deed of trust upon the land. Scarborough transferred the $1,300 note and lien to the appellant, Ellis, and guaranteed the payment of the note.

"Swanson conveyed the land to Frank J. Lyons and Herbert D. Oppenheimer, who conveyed the same to W. J. Sampson, who in turn conveyed to Ella B. Robinson. In the conveyances to them, Lyons, Oppenheimer, Sampson, and Robinson assumed the payment of the notes aggregating $5,500 and the one for $1,300. Ella B. Robinson conveyed to B. St. George Bishop, who conveyed to Francis E. Lester, who conveyed to Russell A. Ramey. The conveyances to Bishop, Lester, and Ramey recited that they were made subject to the prior liens, but the payment thereof was not assumed. Ellis paid certain interest coupon notes aggregating $220 signed by Scarborough, which were attached to the notes given by Scarborough to Frances W. Aldridge, and such coupon notes were by the holder transferred to Ellis, together with the lien securing their payment; the lien

so transferred being made subordinate to the lien retained by the holder of the $5,500 notes.

"The $1,300 note was reduced by payment to about $800. On January 6, 1925, Ramey conveyed the land to Ellis, subject 'to an indebtedness of $5,500, first lien, and $800, second lien on said property.'

"This suit was brought on February 17, 1925, by Ellis against Scarborough, Swanson, Lyons, Oppenheimer, Sampson, Robinson, and Lester, to recover upon said coupon notes and the balance of $800 due upon the $1,300 note and for foreclosure of lien upon the land.

"The only issue submitted is as follows: 'What was the fair, reasonable market value of the property conveyed by Russell A. Ramey to, W. Y. Ellis on the 6th day of January, 1925, the date of said conveyance?' The jury answered $6,400. Exception was taken to the issue submitted, to the effect, in substance, that it was irrelevant, and that the only issue in the case was whether Ellis, in accepting the conveyance from Ramey intended to accept the same in satisfaction of his debt.

"Judgment was rendered in favor of plaintiff against Scarborough, Swanson, Sampson, Lyons, and Oppenheimer, for $453.75, with interest from January 6, 1925, in favor of plaintiff against Ella B. Robinson, a nonresident, served with process beyond this state, foreclosing an attachment lien against certain other lands, and ordering same sold to satisfy plaintiff's demand for $453.75, with interest from January 6, 1925, denying the plaintiff foreclosure upon the lot, but vesting title thereto in him against all defendants.

"Three days prior to the filing of his appeal bond, appellant filed for record in the county clerk's office an abstract of the judgment obtained by him against Scarborough, Swanson, Sampson, Lyons, and Oppenheimer. This action upon his part is made the basis of a motion by Scarborough to dismiss the appeal; it being asserted that it was such an effort on the part of appellant to enforce the judgment as to preclude him from prosecuting an appeal."

The Court of Civil Appeals reformed the judgment of the trial court in such a way as to establish the second lien claimed on the property by Ellis to secure the payment of the sum of $1,178.74, being the unpaid balance of said $1,300 note and the interest coupons from the $5,500 note which were held by Ellis, with accrued interest, and ordered said second lien foreclosed and order of sale issued, with the further direction that, if the property sell for an insufficient sum to satisfy the amount of said judgment of $1,178.74, with interest and costs, then execution shall issue for the unsatisfied balance against the defendants Scarborough, Swanson, Sampson, Lyons, and Oppenheimer, against whom judgment for said amount was rendered, secondary to the lien that was foreclosed on the land.

[1] The Court of Civil Appeals correctly held that the filing by Ellis of the abstract of the judgment rendered by the trial court, and causing same to be recorded and indexed, did not operate to preclude Ellis from prosecuting an appeal from such judgment. United States v. Dashiel, 3 Wall. 698, 18 L. Ed. 268, et seq.; Cravens v. Wilson, 48 Tex. 323; Tama v. Melendy, 55 Iowa, 395, 7 N. W. 669.

[2, 3] The deed that was executed by Ramey to Ellis, expressly recited that the land was conveyed to Ellis "subject 'to an indebtedness of $5,500, first lien, and $800, second lien, on said property.'" We agree with the holding made by the Court of Civil Appeals that the testimony does not raise an issue of fact as to the true intention of the parties to such conveyance, relative to the liens held by Ellis on the land, being otherwise than this recital imports. Such recital shows, prima facie at least, that the parties to such conveyance intended at the time the conveyance was made that no merger should be effected by such conveyance. The testimony does not raise an issue of fact on this prima facie showing. The liens held by Ellis continued to subsist, and were subject to foreclosure upon the land, which was the primary fund from which the indebtedness secured by such second liens was to be satisfied, with the right remaining in Ellis to recover any unsatisfied balance from Scarborough and his said codefendants, upon their secondary personal liability for such indebtedness. Harris v. Masterson, 91 Tex. 171, 41 S. W. 482.

The judgment rendered by the Court of Civil Appeals was in all things correct, and we recommend that same be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.