BISHOP et al. v. FRANKS.

No. 29153. Oct. 8, 1940.

Rehearing Denied Nov. 26, 1940.

*107 P. 2d 358.*

A. S. Wells and Bishop, Bishop & Seay, all of Seminole, for plaintiffs in error.

Robert Burns, of Oklahoma City, for defendant in error.

GIBSON, J. The defendants below appeal from a judgment rendered against them by the superior court of Seminole county in an action for accounting.

According to the pleadings there were certain claims outstanding between the parties, some secured and some unsecured. Among the items for which plaintiff recovered judgment and to which defendants object and assign error were two certain promissory notes executed by defendants to the plaintiff and secured by real estate mortgage on lands in the state of Texas. Defendants say the trial court was without jurisdiction to render judgment on those items.

It is contended in this behalf that the pleadings and proof will not support the judgment on the two notes, that is, that this particular portion of the judgment is outside the issues and void on its face. And, further, it is asserted that their alleged plea of res judicata or their plea in abatement should have been sustained. We say, however, that the record reveals neither plea of res judicata nor plea of another action pending wherein these notes are involved.

But the defendants are correct in their assertion that the pleadings and proof will not support the judgment on the notes aforesaid. Plaintiff specifically alleged in his petition that he was not demanding judgment on said notes or on the mortgage given to secure the same, but was disclosing the same to the court in order that the court may determine upon the accounting that the notes had not been paid. Notwithstanding these allegations, the court proceeded to adjudicate the amount due and to render judgment accordingly against defendants.

It is apparent from the allegations aforesaid that the plaintiff did not seek judgment on the notes, but merely wanted to show by record evidence that he was withholding them as an independent claim from the accounting. In an accounting, voluntary, or by equitable action, the parties are ordinarily presumed to have presented all their respective claims against the other. Perhaps plaintiff sought by the allegation to forestall any such presumption that might subsequently arise in another action. In any event he sought no judgment on the notes. And since his pleadings so declare in positive language, we cannot indulge the presumption that amendment was made to conform to proof, if in fact such proof was forthcoming. The judgment in this particular was outside the issues and constituted error.

"A judgment or any portion thereof deciding an issue not tendered by the pleadings is void." State ex rel. Shull, Bank Com'r, v. Moore, 167 Okla. 28, 27 P. 2d 1048; see, also, Hinkle v. Jones, 180 Okla. 17, 66 P. 2d 1073.

We are not called upon to review the finding of the trial court that the aforesaid notes were unpaid. The effect of the judgment in that particular is not material here.

Plaintiff contends that the foregoing assignment is not properly before this

court because defendants failed to file motion for new trial of that issue within three days after the trial court's decision (sec. 400, O. S. 1931, 12 Okla. St. Ann. § 653). Trial was concluded on August 3, 1938, but no decision was rendered on this particular matter until September 23rd. Motion for new trial was filed September 26th. It was within the statutory time.

Other items in the accounting grew out of the exchange of certain Oklahoma lands of the defendants for lands located in the state of Texas and belonging to plaintiff. These claims were asserted by plaintiff and consisted of a commission mortgage, taxes, and interest outstanding against the land in Oklahoma conveyed to him by defendants, all of which plaintiff alleges he was compelled to pay notwithstanding the agreement to the contrary between the parties. Defendants charge that the judgment for plaintiff on these items was contrary to the evidence.

After considering the competent evidence on the foregoing items, it appears that the judgment of the court with reference thereto was agreeable with the weight of the evidence.

Other items consisting of two certain attorney fees were asserted by the defendant W. A. Bishop. Bishop had represented plaintiff as his counsel in a number of suits. One was a foreclosure case brought by plaintiff against one Bostick for which Bishop claimed a fee of $823.50, the amount fixed by the Bostick note as an attorney fee in event of foreclosure. The other fee claimed by defendant was allegedly earned by him as counsel in a foreclosure case against one Francis. The note in that case provided for an attorney fee of $350 in event of foreclosure, and defendant in this case seeks judgment for that amount. Neither of these cases went to trial, but were compromised and dismissed.

In this case the court rendered judgment for defendants for $500 as a fee earned in the first foreclosure above mentioned, and denied recovery of any amount in the latter case, assigning as reason that the evidence was insufficient to show a fee earned.

There is evidence in the record to show that an agreement existed between the parties whereby defendant Bishop was to be compensated for his legal services on a quantum meruit basis in cases compromised as aforesaid; and there is contrary evidence. But there is documentary evidence in the record to show that the plaintiff and defendants specifically agreed upon the fees in the above-mentioned cases as claimed here by defendants. In this agreement the plaintiff acknowledged the fees in the amounts claimed by defendant. There is nothing in the record to indicate an alteration of that agreement. The weight of the evidence clearly shows that the parties had agreed upon the fees as alleged by defendants in their cross-petition. Judgment on these items should have been rendered for defendants in the sums, respectively, of $823.50 and $350.

It appears that judgment in the instant case was rendered for plaintiff in the aggregate sum of $7,377.70, including the two promissory notes above mentioned totaling $3,575.58, and that the defendants obtained judgment in the aggregate amount of $5,715.61. We find that the judgment must be so modified as to eliminate therefrom the amount of $3,575.58 awarded to plaintiff on said notes, and to include therein judgment or credit to defendants in the sum of $323.50 as a fee in the Bostick case over and above the sum of $500 allowed by the court, and the further sum of $350 as an attorney fee in the Francis case, thus fixing plaintiff's recovery at $3,802.12, and the defendants' at $6,389.11.

The cause is therefore remanded, with directions to enter judgment accordingly.

BAYLESS, C. J., and RILEY, OSBORN, and HURST, JJ., concur.