M–A–C FINANCE CO. OF TULSA, Inc., a corporation, Plaintiff in Error,

v.

Helen PARKER, Defendant in Error.

No. 40592.

Supreme Court of Oklahoma.

Sept. 14, 1965.

Rehearing Denied Oct. 26, 1965.

Application for Leave to File Second Petition for Rehearing Denied Nov. 23, 1965.

Green & Feldman, Wm. S. Hall, Tulsa, Shirk, Withington & Work, Oklahoma City, for plaintiff in error.

Savage, O'Donnell & McNulty, Tulsa, for defendant in error.

WILLIAMS, Justice.

Plaintiff in error as plaintiff brought in the trial court the action from which this appeal arises against the defendants there, Jim Parker and Helen Parker, then husband and wife, doing business under the name of Parker Distributors, to recover possession of certain described secondhand automobiles the title to which defendants allegedly put in plaintiff by the execution of certain "trust receipts" pursuant to provisions of a described "floor plan agreement," or for the value of the automobiles with interest,

.or some $32,376.11, and attorneys fees, allegedly owing to plaintiff by reason of defendants having executed or authorized the execution of the said "floor plan agreement" and trust receipts and certain promissory notes.

Defendant Jim Parker did not appear or plead. The trial court found him in default and rendered judgment in plaintiff's favor as against him. He is not a party to this appeal.

Helen Parker had filed a general denial in which she also specifically denied being a party in Parker Distributors or that she signed the "Floor Plan Agreement" or any instrument relied on by the plaintiff and alleged that if her signature is on any such instrument it "was obtained by fraud and misrepresentation by the plaintiff and by Jim Parker, one of the defendants."

At the conclusion of the trial below the jury returned a verdict in favor of defendant Helen Parker. Our continued reference to the parties is as they appeared in the trial court.

In its petition plaintiff alleged that defendants "executed and delivered to plaintiff one certain Floor Plan Agreement"; that such agreement provided "that in order to induce plaintiff to finance merchandise for the said defendants under their wholesale floor plan in such amounts as plaintiff from time to time would be willing to finance, the said defendants knowing that plaintiff would rely thereon in each transaction agreed to pay the principal and interest on any note when due; and, further agreed that when any of the Trust Property (described in Trust Receipts held by Plaintiff) is in danger of misuse, loss, etc., then and in that event all obligations of the defendants held by plaintiff, including all notes, shall immediately become due and payable, notwithstanding any time or credit otherwise allowed"; that "whereupon the defendants, and each of them, became bound to plaintiff for any promissory notes or trust receipts executed and delivered thereafter to said plaintiff"; that "thereafter and on the dates and for the amounts hereinafter indicated said defendants executed and delivered to plaintiff certain promissory notes and trust receipts which secured the payment thereof"; that "each of said Trust Receipts provided that the Trustee thereunder agrees to return any and all of the Trust Property on demand and in good order and unused"; that "Defendants prior to February 9, 1961, kept all of the Trust Property on its premises in Stillwater"; that "on or about the 9th day of February, 1961, and without notice to this plaintiff, the defendants removed said Trust Property from said premises and without said county to parts unknown to this plaintiff"; that "although due demand has been made" defendants have "thereafter refused to return said Trust Property to plaintiff or to account for same, all in violation of said Trust Receipts and the floor plan agreement hereto attached marked Exhibit 'A'."

For reversal of judgment in favor of defendant Helen Parker, plaintiff advances three propositions. The first is that "The court erred in failing to instruct the jury as to the burden of proof resting upon the defendant."

Plaintiff maintains that "One of the issues presented in the trial court was whether the defendant, Helen Parker, acknowledged the plaintiff's Exhibit 3, the 'Floor Plan Agreement' before William Carroll Riggs, Notary Public * * *"; that "It was the duty of the court on its own motion to instruct on the fundamental issues involved. The court did not do that in the case at bar. The court simply told the jury in Instruction No. 1 (R.S.) that the burden was upon the plaintiff to establish the material allegations contained in the petition by a preponderance of the evidence before they would be authorized to render a verdict for the plaintiff. That was the only instruction given on the burden of proof. * * *." Plaintiff contended "The court should have instructed the jury that the burden rested upon the defendant, Helen Parker, to prove by clear, cogent and convincing evidence and such evidence as produces a conviction amounting to a moral

certainty that the certificate of acknowledgment was false \* \* \*"; and that "the trial court should have also instructed the jury that where the defense of forgery is pleaded by a defendant, it must be shown by clear, cogent and convincing evidence which amounted to a moral certainty."

Instructions Nos. 1 and 3 respectively of the trial court are as follows:

"You are instructed that the burden of proof in this case is upon the plaintiff to establish the material allegations contained in the petition by a preponderance of the evidence before you will be authorized to return a verdict for the plaintiff in this case."

\*     \*     \*     \*     \*     \*

"You are instructed that the sole question presented for your determination in this case is whether or not the defendant, Helen Parker, made, executed or signed, or authorized her name to be signed to the floor plan agreement, & trust agreements upon which this action is based and which the plaintiff alleges she signed and delivered or caused to be delivered to the plaintiff in pursuance of the agreements between the plaintiff and the defendants.

"In this connection you are instructed that if you find that she did sign the instruments upon which this action is based, that she became obligated to the plaintiff according to the terms and conditions thereof, and thereby became indebted to the plaintiff in the sum sued for, or $32,376.11, together with interest thereon at six percent per annum from February 13, 1961, and you should find for the plaintiff as against the defendant, Helen Parker, in such amount.

"However, if you do not so find, and find from the evidence that the defendant, Helen Parker, did not execute and sign such agreements, or that her name was forged or signed to such instruments by an unauthorized person, or without her express authorization

and consent, then you should find the issues for the defendant, Helen Parker."

Plaintiff contends that the instructions given were too favorable to defendant; that the jury was not instructed as to the burden of proof resting upon defendant, Helen Parker, to show that she did not appear before the notary and sign the "Floor Plan Agreement"; and that this Court has said in certain opinions concerning real estate deeds and mortgages that the impeachment of an acknowledgment requires strong evidence, evidence that is clear, cogent and convincing and such as produces a conviction amounting to a moral certainty that the certificate of acknowledgment is false. To sustain this contention, plaintiff, cites Dyal v. Norton, 47 Okl. 794, 150 P. 703; Elliott v. Knappenberger, 177 Okl. 303, 58 P.2d 1240; Gawf v. Gawf, 206 Okl. 73, 240 P.2d 1095.

Plaintiff apparently proceeds upon the theory that the purported acknowledgment of its floor plan agreement gave it the same probative effect as that given by 16 O.S. 1961, § 27 to an acknowledgment of an instrument affecting real estate.

However, it is to be noted here that at common law one was required to prove in evidence an instrument upon which he relied. In 1 C.J.S. Acknowledgments § 25 b, p. 808, the following rule is stated:

"Since the substitution of acknowledgment for the commonlaw proof of execution is of statutory creation, the admissibility of any particular instrument without further proof depends upon the scope of the statute, as liberally construed so as to include all instruments which may fall within its. meaning and intent. Under this rule,. such instruments have been held admissible without further proof of execution as \* \* \* bills of sale, deeds, mortgages \* \* \* powers of attorney \* \* \*."

If plaintiff expected the same treatment from the trial court it would have expected had its acknowledgment been of an

instrument affecting real estate on the theory that its floor plan agreement is analogous to a chattel mortgage and that Title 46 O.S.1961, §§ 62, 63 are applicable, then it must overcome the additional obstacle that while compliance with the applicable statute concerning acknowledgments to instruments affecting real estate alone qualifies them to "be received in evidence in all courts without further proof of their execution," in the case of an acknowledgment to a chattel mortgage the applicable statutes (Title 46 O.S.1961, §§ 62, 63) specifically further require that where a copy of same is filed, "such original instrument so certified [by the County Clerk] shall be admitted in evidence in any of the courts of this State without further certification." In other words, in order for a chattel mortgage to be qualified to be received in evidence without extraneous proof of its execution, it must be both acknowledged and filed and original or copy certified by the County Clerk.

In this case no contention is made nor is it controverted but that the floor plan agreement was not so filed.

We agree with the statement of plaintiff found at page 19 of its brief that "the sole issue which should have been submitted to the jury was whether or not Helen Parker executed and delivered the floor plan agreement". Defendant fairly accedes to this proposition at page 4 of her answer brief.

It appears, as defendant suggests, that the case was tried throughout on the basis of contention by plaintiff that defendant signed the "Personal Financial Statement" and the "Floor Plan Agreement", the latter being acknowledged, and contention by defendant Helen Parker that she signed neither of such instruments but that they were outright forgeries or if signed by her that any such signatures were obtained by fraud of either her former husband or plaintiff or both.

The court did instruct the jury to effect that if defendant Helen Parker were found to have signed or authorized the signing of her name to the floor plan agreement and "trust instruments", the verdict should go against her; otherwise, not.

In this connection, it is to be noted that in the case of Holbird v. Harris, 197 Okl. 646, 174 P.2d 262, 263, 265, this Court said:

"A chattel mortgage executed in good faith for a valuable consideration is valid between the parties thereto even though it is not acknowledged or witnessed as required by law."

Our conclusion is that as between the parties, absent the presentation to the Court of statutory authority ascribing probative effect to the instrument merely by virtue of acknowledgment, the trial court did not err in failing to instruct as contended by plaintiff.

Plaintiff's second proposition is that "The verdict of the jury and the judgment of the court thereon is not sustained by sufficient evidence." In addition to urging the effect of the acknowledgment plaintiff argues that defendant's personal "testimony alone denying the Notary's acknowledgment was not sufficient to justify the jury is disregarding it in the absence of corroboration * *"; that "The testimony of the identification technician or handwriting expert was highly involved and technical * * *" and noncorroborative and in general that plaintiff's witnesses rather than those of defendant Helen Parker should have been believed.

Whether such defendant signed the "Floor Plan Agreement" was a question of fact for the jury. The evidence on the point was conflicting. By its verdict the jury in effect determined that she did not sign such instrument.

In the fourth paragraph of the syllabus in Fane Development Company v. Townsend, Okl., 381 P.2d 1012, we held:

"The credibility of witnesses and the effect and weight to be given to conflicting or inconsistent testimony are questions of fact to be determined by the trier of the facts, whether court or jury, and are not questions of law for Supreme Court on appeal."

In Tollett v. Clay, 207 Okl. 283, 249 P.2d 412, in the first paragraph of the syllabus we held:

"In a case of legal cognizance, the verdict of the jury as to questions of fact will not be disturbed on appeal where the evidence is in conflict and there is any evidence reasonably tending to support the verdict."

Plaintiff's last proposition is that the "Court erred in giving instruction No. 3." We have quoted this instruction hereinabove. Plaintiff says "that the sole question for the jury was whether or not Helen Parker made, executed or signed, or authorized her name to be signed to the Floor Plan Agreement". Plaintiff contends that "the said court's Instruction No. 3 could only be interpreted by the jury to mean that before they could find the issue for the plaintiff, they must find that defendant Helen Parker physically signed her name to the Dealer Agreement, the Floor Plan Agreement, Trust Receipts and promissory notes; or that she expressly authorized the execution of the 'Floor Plan Agreement and Trust Agreements' and 'instruments' and 'agreements' ".

Plaintiff states that "The defense of Helen Parker was that she did not execute the Floor Plan Agreement", and that "There was no contention made that any promissory notes executed thereunder would not bind the signatories." Plaintiff says it "introduced into evidence as ancillary documents to support its claim, financial statement (C–M 138), Dealer Agreement (C–M 139), and 12 Trust Receipts with promissory notes attached (C–M 145–157). Each of said Trust Receipts and each of said promissory notes was executed in form (C–M 145):

PARKER DISTRIBUTORS

(Dealer)          (Trustee)

By /sgd/ Jim Parker

(Individual, Partner or Officer-Title)".

The only "trust agreements" introduced in evidence were "trust receipts". Each of such "trust receipts" was signed by defendant Jim Parker only. The purported signature of defendant Helen Parker does not appear on any of such instruments, nor was any evidence introduced, of effect that defendant Helen Parker signed any such instruments.

We have noted hereinabove the respective theories of the parties on which they apparently tried this case.

It is of course patent that if Helen Parker signed, or authorized to be signed, the "Floor Plan Agreement" then she was also liable on the trust receipts and promissory notes which were signed by Jim Parker only. Plaintiff contends that such was not made clear to the jury and that the jury was misled to plaintiff's prejudice. Such contention is without substantial merit. The subject instruction is not limited to the physical act of signing but specifically sets out " * * * or that she expressly authorized the execution of * * *" the several instruments.

We consider the following language this Court used in the case of Duncan Brothers v. Robinson, Okl., 294 P.2d 822, 827, applicable to the instant case:

" * * * Counsel assert that it is improper to instruct on an issue not raised by the evidence and that reference to the defendants' evidence when there was none would probably confuse the jury and cause them to wonder if they missed some point. Reference in the instructions to the defendants' evidence, and to an issue of contributory negligence, when there was none, was improper, but it does not appear probable therefrom that the jury was misled thereby or that the verdict would have been different had such matter been omitted from the instructions. In the early case of City of Oklahoma City v. Myers, 4 Okl. 686, 46 P. 552, 556, the opinion states:

" 'But, unless an appellate court can say that a trial judge has given instructions which are not applicable to the case, and which may have misled the jury, the cause should not be reversed.

Before the party appealing can demand a reversal he must show his injury. It will not do to send a case back for new trial merely because the trial court may be technically wrong.'"

We find no substantial error in the record which would justify a reversal of the judgment of the trial court.

Affirmed.

HALLEY, C. J., JACKSON, V. C. J., and BLACKBIRD and BERRY, JJ., concur.

DAVISON and LAVENDER, JJ., concur in result.

IRWIN and HODGES, JJ., dissent.